COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



CONTINUING ABATEMENT ORDER

Appellate case name:      Robert Thomas Wilharm v. The State of Texas

Appellate case number:    01-15-00507-CR

Trial court case number:  1402605

Trial court:              174th District Court of Harris County

On December 1, 2015, this Court issued an order, abating the appeal and remanding to the trial court for a hearing regarding appellant's failure to file a brief. We ordered the trial court to make findings and conclusions and to file a supplemental clerk's record and the hearing record on or before December 22, 2015. No records have been filed. Accordingly, we enter the following order.

Appellant's appointed counsel, Joe David Wells, has not filed a brief on appellant's behalf in the above-referenced appeal. Appellant's brief was originally due on August 6, 2015. On August 28, 2015, the Court granted appellant's first motion for extension of time to file a brief, ordering that appellant's brief be filed by September 28, 2015. On October 15, 2015, the Clerk of the Court notified appellant that a brief had not yet been filed and required a response within 10 days. *See* TEX. R. APP. P. 38.8(b)(2). No response was received.

Pursuant to Rule of Appellate Procedure 38.8 and our previous order, this appeal continues to abated and remanded to the trial court for a hearing. *See* TEX. R. APP. P. 38.8(b)(2)–(3). We direct the trial court to conduct a hearing at which a representative of the Harris County District Attorney's Office, Counsel Martin, and appellant shall be present.[1] The trial court shall have a court reporter record the hearing. The trial court is directed to make appropriate findings on these issues:

(1)    whether appellant wishes to prosecute the appeal; and, if so,

---

1    If appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing. Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

(2) whether Counsel Wells has abandoned the appeal by failing to timely file a brief on appellant's behalf;

(3) and, if so, whether appellant is presently

(a) indigent, in which case the trial court should appoint new appellate counsel at no expense to appellant and establish a date by which counsel will file a brief, no later than 30 days from the appointment; or

(b) not indigent, in which case the trial court should establish a date by which appellant shall retain new counsel;

(4) or, if Counsel Wells has not abandoned the appeal, make appropriate findings and recommendations regarding the reason that Counsel has failed to file a brief and establish a date by which Counsel will file appellant's brief, no later than 30 days from the date of the hearing.

TEX. CODE CRIM. PROC. ANN. arts. 1.051(d), 26.04; TEX. R. APP. P. 38.8(b)(2), (3), (4).

The trial court shall cause a supplemental clerk's record containing its findings and recommendations, including the name, address, telephone number, and State Bar number of any substitute counsel, and the reporter's record of the hearing to be filed in this Court **no later than February 17, 2016.** If the hearing is conducted by video teleconference, a certified video recording of the hearing shall be filed in this Court no later than February 8, 2016.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when a supplemental clerk's record that complies with this order, and the reporter's record of the hearing, have been filed in this Court. The trial court coordinator shall set a hearing date and notify the parties and the Clerk of this Court of such date**.**

It is so ORDERED.


Judge's signature: /s/ <u>Harvey Brown</u>
                       ☒ Acting individually    ☐ Acting for the Court


Date: February 2, 2016